UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALLEN CULVERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-01033- EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 9).

Plaintiff argues that: (1) "The ALJ harmfully erred by failing to identify and resolve an apparent conflict between the DOT [Dictionary of Occupational Titles,] and VE [vocational expert] testimony per SSR 00-4p"; and (2) "The MRFC [mental residual functional capacity] is not supported by substantial evidence." (ECF No. 16, p. 2).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

# I. ANALYSIS

## A. DOT and VE Testimony

Plaintiff first argues that the ALJ erred in failing to identify and resolve an apparent conflict between the DOT and VE Testimony. This issue implicates the ALJ's assessment of the following residual functional capacity for Plaintiff:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except as restricted by the following: the claimant can sit, stand, walk for up to 6 hours each in an 8-hour day; he can lift/carry up to 50 pounds occasionally and 25 pounds or less frequently, and may push/pull within those weight restrictions; he is limited to frequent climbing of ramps/stairs, balancing, stooping, kneeling, crouching and crawling; he should not be exposed to unprotected heights or dangerous moving mechanical parts; he is limited to simple, routine tasks and simple work-related decisionmaking; he is limited to occasional interaction with supervisors; he should be limited to work in isolation, meaning that other individuals, but not many, may be present in the vicinity (e.g., during a graveyard shift in a commercial building where there may be some building tenants and security present but relatively few since the shift is outside normal business hours); only incidental interactions with others are required in order to accomplish work.

(A.R. 27). Based on the RFC's limiting Plaintiff to occasional and incidental interactions with others, the ALJ asked the VE at the hearing whether "the DOT address[es] things like working in isolation" as defined in a hypothetical by the ALJ. (A.R. 56). The VE replied that the DOT did not address this issue but that she "utilized [her] experience working with employers, job placement, individuals with disabilities on occasion as well as [her] peers and research." (A.R. 57). The ALJ posed a series of hypotheticals to the VE to determine what jobs the Plaintiff may be able to perform. (A.R. 55-57). Based on the VE's testimony; the RFC; and the Plaintiff's age, education, and work experience, the ALJ concluded that a significant number of jobs existed that Plaintiff could perform, such as the occupations of janitor/cleaner or landscape worker. (A.R. 32-33).

> Under the DOT, the occupation of janitor/cleaner has the following description:
>
> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders

> personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).

DOT Code 323.687-014, available at 1991 WL 672783.[1]

Under the DOT, the occupation of landscape worker has the following description:

> Maintains grounds and areas along highway right-of-way of city, state, and national parks: Sows grass seed, using spreader, or plants trees, shrubs, or flowers, according to instructions and planned design of landscaped area, using handtools. Applies herbicide or mulch to designated areas, using sprayers. Grubs and weeds around bushes, trees, and flower beds. Trims hedges and prunes trees, using handtools. Mows lawns, using hand mower or power-driven lawnmower. Picks up and burns or carts away paper and rubbish. Repairs and paints benches, tables, and guardrails, and assists in repair of roads, walks, buildings, and mechanical equipment, using handtools. May live on-site and be designated Campground Caretaker (government ser.). May be referred to as Groundskeeper, Parks and Grounds (government ser.).

DOT Code 406.687-010, available at 1991 WL 673342.

Plaintiff argues that there was an apparent conflict between the DOT and the VE's testimony about the availability of jobs, which conflict the ALJ harmfully erred in failing to resolve. (ECF No. 16, pp. 8-12). Specifically, Plaintiff contends that the DOT's descriptions of these occupations do not address the degree to which a worker interacts with others and the ALJ should have inquired further as to how many jobs for these occupations are available that account for the RFC's limitations on interaction with others.

Plaintiff's argument relies on SSR 00-4p, which, in pertinent part, provides as follows:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

---

[1] DOT Code 323.687-014 corresponds to "cleaner, housekeeping." DOT Code 382.664-010, available at 1991 WL 673265, corresponds to "janitor" with a similar description of cleaning duties but also notes some maintenance type responsibilities. The parties all cite to DOT Code 323.687-014 as the applicable section, so the Court will refer to that section going forward.

*Pol'y Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P (S.S.A. Dec. 4, 2000), available at 2000 WL 1898704. Upon review of the record, the Court finds no error regarding the requirements of SSR 00-4P.

Notably, "[f]or a difference between an expert's testimony and the *Dictionary*'s listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the *Dictionary's* listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). As discussed above, here the VE testified that the DOT did not address things like working in isolation as defined by the ALJ. (A.R. 56). Accordingly, because the DOT did not address this issue, the VE's testimony cannot be said to "be at odds" with the job requirements for the occupations of janitor/cleaner and landscape worker. *See Villalpando v. Colvin*, No. 8:16-CV-00056 (VEB), 2016 WL 6839342, at *5 (C.D. Cal. Nov. 21, 2016) (collecting cases noting that "there can be no conflict between the vocational expert's testimony and the DOT where . . . the DOT is silent on the subject in question").

Moreover, "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE" because "[a] VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the VE testified that the DOT did not address working in isolation but she "utilized her experience working with employers, job placement, individuals with disabilities on occasion as well as [her] peers and research."[2] (A.R. 57). Plaintiff, represented by counsel at the hearing, raised no objection to the VE's experience, qualifications, or testimony regarding the availability

---

[2] Citing a portion of the VE's testimony, Plaintiff suggests that the VE failed to consider the availability of jobs that require limited interaction with others. (ECF No. 16, p. 9). However, the cited testimony concerned what the ALJ phrased in a hypothetical as "true isolation, meaning there are no other individuals in this person's immediate vicinity so something like work from a home office" that allowed for electronic communication. (A.R. 57). While the VE testified that she "couldn't give [the ALJ] any numbers because [she had] never looked up that particular thing," it is clear from the context of the hearing that the ALJ did not use this hypothetical to determine the availability of jobs for janitors/cleaners or landscape workers because its limitation of "true isolation," *i.e.*, working "by electronic means," would not apply to janitors/cleaners or landscape workers who work on-site. (AR 57-58).

of jobs for janitors/cleaners or landscape workers.[3] (A.R. 54-56); *see Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527 (9th Cir. 2014) (noting that, where claimant did not challenge the VE's testimony regarding the number of jobs available to him, there was nothing to suggest that a significant number of jobs were unavailable).

Based on the foregoing, the Court concludes that there was no apparent conflict for the ALJ to resolve and the ALJ properly relied on the VE's testimony as providing a foundation for the availability of jobs consistent with Plaintiff's RFC.

### B. MRFC

Plaintiff argues that the ALJ's MRFC assessment is not supported by substantial evidence because the ALJ failed to account for certain limitations assessed by state agency psychological consultant Dr. J. Collado despite giving great weight to this opinion. (ECF No. 16, p. 12 – citing AR 113-15). Specifically, Plaintiff argues that the MRFC's limitation of Plaintiff to simple repetitive tasks and to limited contact with others did not reflect the following moderate limitations assessed by Dr. Collado:

> Mr. Culverson was "moderately" limited in his "ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances;" "moderately" limited in his ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;" "moderately" limited in his ability to accept instructions and respond appropriately to criticism from supervisors;" "moderately" limited in his ability to "respond appropriately to changes in the work setting" and "moderately" limited in his ability to set realistic goals or make plans independently of others.

---

[3] The Court notes that Plaintiff's motion for summary judgment cites data from "Occu Collect" that Plaintiff contends shows that the occupations of janitor/cleaner and landscape worker require more extensive interaction with others than common experience may suggest. (ECF No. 16, pp. 11-12). However, Occu-Collect is not included in the list of published sources for "reliable job information," such as the DOT, listed in 20 C.F.R. § 404.1566(d). And "the ALJ is not required to reconcile conflicts between the VE's testimony and non-DOT sources," such as Occu Collect. *Tommy D. J. v. Saul*, No. EDCV 20-1013-RAO, 2021 WL 780479, at *5 (C.D. Cal. Mar. 1, 2021). Moreover, "Social security disability claimants must raise challenges to the accuracy of a VE's job-number estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *White v. Kijakazi*, No. 20-16846, 2022 WL 3149224, at *6 (9th Cir. Aug. 8, 2022) (considering job estimates where claimant had submitted them to the Appeals Council) (internal citation and quotation marks omitted). Here, Plaintiff does not state, nor does the record reveal, that Plaintiff presented any job estimates from "Occu Collect" during the administrative proceedings.

1   (ECF No. 16, p. 12 – citing AR 113-15).

2        A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted); *see*; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-1042 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

       In reviewing findings of fact with respect to such determinations, this Court determines whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

       True, the ALJ gave great weight to Dr. Collado's opinion, and a similar opinion from a different state agency consultant, Dr. Brill, that assessed moderate limitations relating to Plaintiff's ability to work with others.[4] (A.R. 31 – citing A.R. 74, 87, 102, 115). However, Plaintiff overlooks that these opinions, despite assessing moderate limitations, contained specific functional limitations that supported the assessed MRFC. Specifically, both doctors concluded that Plaintiff had "the residual functional capacity consistent with simple basic work-activities that can [b]e learned in up to one month" and Plaintiff would "need a setting with reduced contact

---

[4] As the ALJ noted, "[t]he record does not contain a relevant medical opinion from a treating source regarding the claimant's capacity for work-related activity." (A.R. 31).

with supervisors, coworkers, and the public." (A.R. 74, 115). The ALJ incorporated these opinions into the RFC by limiting Plaintiff to "simple, routine tasks," "occasional interaction with supervisors," and "incidental interactions with others." (A.R. 27). Thus, the MRFC was ultimately consistent with the doctors' medical opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (concluding that RFC properly found claimant could perform "simple, routine, repetitive sedentary work, requiring no interaction with the public" where there was a medical opinion that claimant could "carry out simple tasks" despite "several moderate limitations in other mental areas").

Accordingly, the Court concludes that the MRFC assessment is supported by substantial evidence.

## II.  CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 23, 2022**             /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE